UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEXAS BRINE CO., LLC                            CIVIL ACTION

VERSUS                                          NO: 22-2649

LEGACY VULCAN, LLC, ET AL.                      SECTION: "A" (5)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Stay All Proceedings (Rec.
Doc. 27)** filed by the plaintiff, Texas Brine Co., LLC. The defendants, Mr. John R.
Durland and Legacy Vulcan, LLC ("Vulcan"), oppose the motion. The motion, submitted
for expedited consideration, is before the Court on the briefs without oral argument.[1]

**I.**

This lawsuit is the most recent controversy presented to the Court in the
aftermath of the Sinkhole that emerged in the Bayou Corne area of Assumption Parish
on August 3, 2012. The catastrophic Sinkhole caused enormous economic damages
and spawned years of litigation that remains ongoing to this day. Litigation over the
Sinkhole has proceeded both in this federal district court and in state court.

---

[1] The Court scheduled the motion to stay for expedited consideration because Durland has
pending a motion for summary judgment (Rec. Doc. 22) that was scheduled for submission
on November 23, 2022. The Court advised that the motion to stay would be taken up before
the motion for summary judgment, and that Durland would be given additional time to file a
reply in support of his motion for summary judgment if the Court denies the motion to stay.
(Rec. Doc. 30, Order).

In 2017, Judge Thomas J. Kliebert, Jr. of the 23rd JDC for Assumption Parish conducted a three-week bench trial for the purpose of determining what caused the Sinkhole to form and which parties were at fault for its formation ("the Liability Trial"). In 2020, the First Circuit Court of Appeal reallocated Judge Kliebert's apportionment of fault as follows: 15% fault to Vulcan, 30% fault to Occidental Chemical Corp., and a combined 55% fault to Texas Brine entities. *Pontchartrain Nat. Gas Sys. v. Texas Brine Co., LLC*, 317 So. 3d 715 (La. App. 1st Cir. 2020).

In 2022, Texas Brine initiated this lawsuit in Assumption Parish against Legacy Vulcan, LLC and its former employee John Durland seeking indemnity/ contribution/ reimbursement for amounts 1) that Texas Brine may be found liable for in arbitration proceedings with OxyChem (set to commence on May 1, 2023), 2) that Texas Brine may be found to owe the State of Louisiana for remedial/response costs related to the Sinkhole (the petition seeking this recovery is pending in the 24th JDC), and 3) that Texas Brine may have to pay to state agencies pursuant to a Compliance Order issued by LDEQ. Texas Brine's claims against Vulcan are based on contract as well as tort indemnification/ contribution; the claims against Mr. Durland are based on tort indemnity/ contribution.

Texas Brine alleges that in the state court liability case, Vulcan was found to have committed intentional acts solely for its economic benefit that contributed to causing the Sinkhole. (Rec. Doc. 1-1, Petition ¶ 12). Texas Brine further alleges that the finding of intentional fault against Vulcan was based on the actions of Mr. Durland, in particular an email that he transmitted in 2004. (*Id.* ¶ 14).

The defendants removed the action to federal court. Texas Brine is a citizen of Texas and North Carolina. Vulcan is a citizen of New Jersey and Alabama. (Rec. Doc. 1, Notice of Removal ¶ 6). Durland is a citizen of Florida. As previously established, the parties are completely diverse in citizenship, the amount in controversy requirement is satisfied, and the Court has subject matter jurisdiction over this removed action.[2]  (Rec. Doc. 25, Order and Reasons).

Even before the state court liability case, Texas Brine had asserted claims in state court against Vulcan for contractual indemnity and tort indemnity/ contribution for all possible future liabilities to third parties. According to Texas Brine these claims have been pending in state court for about 10 years. But on July 29, 2022, as the 10-year anniversary of the emergence of the Sinkhole approached, Texas Brine moved for leave to file an Eleventh Supplemental and Amended Petition for Damages, Indemnity, and Contribution against Vulcan—Texas Brine explains that it sought to file this pleading out of an abundance of caution in order to foreclose any possibility of a prescription defense by Vulcan. And in addition to fortifying the already-pending indemnity/ contribution claims against Vulcan, Texas Brine's Eleventh Supplemental and Amended Petition sought to bring Durland in as a party—Texas Brine contends that this was done in response to findings that the First Circuit made in its 2020 decision, findings that Durland's conduct had played a key role in Vulcan's culpability for the Sinkhole.

---

[2] Durland had been a citizen of Texas in the past so when the defendants removed the case Texas Brine questioned whether subject matter jurisdiction was proper in federal court. Following some preliminary motion practice and limited jurisdictional discovery, the issue of subject matter jurisdiction and the specter of improper joinder were laid to rest. (Rec. Doc. 25, Order and Reasons). With subject matter jurisdiction established, Durland's motion for summary judgment was reset for submission on November 23, 2022. (*Id.*).

On the same day that Texas Brine moved for leave to file its Eleventh Supplemental and Amended Petition in the existing state court Sinkhole litigation, Texas Brine took another precautionary step. Unwilling to risk a denial of its motion for leave, Texas Brine filed the Eleventh Supplemental and Amended Petition as a new, separate, and stand-alone lawsuit in Assumption Parish. Texas Brine was unaware, however, that the parties to the new lawsuit were completely diverse in citizenship given that Durland had relocated to Florida following his retirement from Vulcan. The defendants therefore properly removed Texas Brine's new petition (as amended and restated prior to removal), which has been designated in this district as Civil Action 22-2649, the case currently before the Court.

To date, the state court has not acted on Texas Brine's motion for leave to file its Eleventh Supplemental and Amended Petition—the motion for leave remains pending in state court. And Vulcan stresses that action on the motion for leave is not imminent because the motion has not been set for hearing or even briefed by the parties. Therefore, this federal forum is the only one where the claims asserted in the Eleventh Supplemental and Amended Petition, and in particular the tort contribution claims against Durland, are actually filed and pending.[3]

---

[3] Texas Brine also sought leave to file a Twelfth Supplemental and Amended Petition, which corresponds to the Amended and Restated Petition for Damages, Indemnity, and Contribution that the defendants removed to this Court. The motion for leave to file the Twelfth Supplemental and Amended Petition remains pending like its predecessor the Eleventh. The Court is not certain how the Twelfth Supplemental and Amended Petition differs from the Eleventh but the difference is not material to the issues before the Court at this time. Although two motions for leave are pending in state court, for simplicity the Court refers throughout this Order and Reasons to a singular motion for leave.

As noted in footnote 1 above, Durland has a motion for summary judgment pending before this Court, which he filed shortly after removal, and which if granted would dispose of all of Texas Brine's claims against him. Durland (and Vulcan) are persuaded that the claims against Durland are completely meritless and that Texas Brine only joined him as a party to prevent removal to federal court.[4]  Since the case's removal to federal court, both Vulcan and Durland have stressed the importance of having Durland's defenses to Texas Brine's claims against him expeditiously adjudicated without delay by this Court. This is certainly understandable given that Durland has been sued in his personal capacity. And so long as Texas Brine's claims are pending against him, Durland must labor under the specter of the potential for nine-figure liability. Durland contends that the mere pendency of Texas Brine's claims threatens his credit, his ability to borrow money, to purchase insurance, and otherwise engage in his normal life.

Although Texas Brine filed its opposition to Durland's motion for summary judgment, Texas Brine also filed the instant Motion to Stay, which relies on both the abstention doctrine recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and a federal court's inherent discretion to stay matters before it, as recognized in *Landis v. North American Co.*, 299 U.S. 248 (1936). Texas Brine seeks to stay all proceedings in this case until the state court judge rules on

---

[4] If preventing removal to federal court was Texas Brine's motivation in joining Durland as a party, then that strategy has failed given Durland's Florida citizenship. Surely, Texas Brine is not pursuing Durland because it believes that he possesses personal wealth of the magnitude necessary to indemnity Texas Brine for anything in conjunction with the Sinkhole.

Texas Brine's pending motion for leave to file its supplemental and amended petition in the state court litigation. If the motion for leave is granted then presumably Texas Brine will file a second motion to stay this matter, this time seeking a permanent stay of this federal case in deference to the parallel state court case. If the motion for leave is denied, then Texas Brine will have no choice but to litigate its claims against Vulcan and Durland in this federal case.

The defendants oppose any delay in proceeding with this case and oppose a stay of any duration. Defendants argue that Texas Brine can garner no relief under the type of discretionary stay recognized by *Landis*, that Texas Brine's sole means of obtaining a stay is through the very limited application of *Colorado River* abstention, whose rigorous requirements, according to the defendants, are simply not satisfied here. The defendants urge the Court to proceed immediately with Durland's motion for summary judgment.

The parties' contentions are addressed below.

## II.

Texas Brine's motion to stay draws upon two very distinct bodies of jurisprudence. In *Landis v. North American Co.*, the Supreme Court recognized a district court's inherent power to control the disposition of its docket with economy of time and effort for itself, counsel, and the parties. 299 U.S. at 254. The Court also provided guidance on how district courts should properly exercise their judgment when considering such stays. Such stays should not be of an indefinite duration in the absence of a pressing need. *Id.* at 255. And if the opposed stay would "work damage" to the opposing party then the applicant for the stay "must make out a clear case of

hardship or inequity" in being required to go forward. *Id.* A *Landis* stay is not a mechanism to permanently stay a federal case in deference to a state court proceeding.

It wasn't until the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), shortly thereafter expounded upon in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), that the Supreme Court considered whether a district court could decline to exercise its jurisdiction in deference to a state court proceeding. The Supreme Court began by acknowledging two overarching principles: First, the pendency of an action in state court presents no impediment to proceedings concerning the same matter in a federal court; Second, the federal district courts have a "virtually unflagging obligation" to exercise jurisdiction over the cases before them. *Colorado River*, 424 U.S. at 817 (citing *McClellan v. Carland*, 217 U.S. 268, 281-82 (1910); *England v. Louisiana State Bd. of Med Exam.*, 375 U.S. 411, 415 (1964)). But those two overarching principles notwithstanding, considerations of "wise judicial administration," "conservation of judicial resources," and "comprehensive disposition of litigation," may support the decision to dismiss a federal action because of parallel state court litigation.[5] *Moses H. Cone*, 460 U.S. at 16 (citing *Colorado River*, 424 U.S. at 817; *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). A district court considering *Colorado River* abstention must carefully balance certain important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *Id.*

---

[5] Although the *Colorado River* decision involved a dismissal without prejudice in deference to a parallel state court case, typically when the decision is applied today the district court will stay the federal case instead of dismissing it. Naturally, Texas Brine does not want this case dismissed given that its motion for leave has not yet been granted in state court.

The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. *Id.*

It has always been understood that the type of abstention provided by the *Colorado River* decision presents "an extraordinary and narrow" exception to the duty of a district court to adjudicate the controversy before it, and the presumption in favor of exercising federal jurisdiction is overcome only by "exceptional circumstances." *Colorado River*, 424 U.S. at 813; *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (citing *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). A *Colorado River* abstention analysis begins with a "heavy thumb" on the scale in favor of exercising federal jurisdiction. *Aptim Corp.*, 888 F.3d at 135.

As a threshold matter, *Colorado River* abstention requires that the state and federal cases at issue be parallel, having the same parties and the same issues. *Stewart*, 438 F.3d at 491 (citing *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002). If the suits are not parallel then the federal court *must* exercise jurisdiction.[6] *Id.* at 491 n.3 (citing *Republic Bank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). To determine whether exceptional circumstances are present sufficient to overcome the heavy presumption in favor of federal jurisdiction of a parallel case, district courts consider and weigh six factors: (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of

---

[6] In *African Methodist Episcopal Church v. Lucien*, the Fifth Circuit explained that even where the parties in both suits are not "precisely identical," there may be *sufficient* parallelism if the interests of the plaintiffs in each of the suits are congruent and the state case will necessarily dispose of all claims asserted in the federal action. 756 F.3d 788, 797-98 (5th Cir. 2014).

piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Aptim*, 888 F.3d at 135–36 (citing *Stewart*, 438 F.3d at 491).

Vulcan correctly argues that *Colorado River* abstention and a stay pursuant to *Landis* are not interchangeable doctrines. A district court's discretion to abstain from adjudicating a case in deference to a parallel state case is limited significantly by the factors identified in *Colorado River*, and it is much narrower than the discretion that accompanies a *Landis* stay. *Colorado River* abstention is difficult to obtain and difficult to hold onto on appeal. The Court agrees with Vulcan's contention that the more relaxed standards applicable to a *Landis* stay, which is intended to be a temporary measure and not one of indefinite duration, does not authorize a district court to stay a federal case in deference to a state court proceeding.

But at present Texas Brine is not seeking to stay this matter permanently so that its claims against Vulcan and Durland can be litigated to conclusion in state court. Undoubtedly, Texas Brine would move for such relief if its motion for leave were to be granted in the state court. But this type of exceptional relief would only be available under the rigorous standards of *Colorado River*, which is not available in the case's current posture because Durland is not a party to the state court case at this time—the federal and state cases are <u>not</u> parallel so any attempt at *Colorado River* abstention fails at the outset. So at present Texas Brine seeks only to stay this matter—and with it Durland's motion for summary judgment—until the district judge in Assumption Parish rules on Texas Brine's pending motion for leave to file its supplemental and amended

petition. This more limited stay is more properly considered under *Landis* and not *Colorado River*.[7]

While Texas Brine has made excellent and appealing arguments as to why the claims for indemnity and contribution should be litigated in Assumption Parish where they have been pending for 10 years, those arguments lose force with Durland being a party to this lawsuit. The claims against Durland have not been pending in state court for 10 years and as yet the state court has not taken jurisdiction over them. Durland's presence in this federal lawsuit forecloses even the limited stay that Texas Brine seeks under the more relaxed *Landis* standard, *at least insofar as the immediate adjudication of his motion for summary judgment is concerned*. With Durland being named as a defendant in this case, Texas Brine's claims of hardship and inequity in having to prosecute its own lawsuit ring hollow compared to Durland's more plausible "damage" in not having his motion for summary judgment taken up expeditiously. And it appears to the Court that several of the arguments raised in Durland's motion for summary judgment are not dependent on the ongoing state court litigation.[8]

---

[7] The Court expresses no opinion at this time on whether Texas Brine has established the "exceptional circumstances" necessary to satisfy the requirements of *Colorado River* abstention.

[8] Although a stay pending the state court's ruling on the motion for leave is more limited than abstaining altogether, under the circumstances such a stay appears to be of an indefinite and unlimited duration. The defendants stress that Texas Brine's motion for leave has not been set for hearing or fully briefed, and that there has been no activity in the state case between Vulcan and Texas Brine for months with the sole exception of a directive staying all discovery without date pending completion of post-trial proceedings in the state court Liability Trial. (Rec. Doc. 31-9, Exhibit 9). Given that the contribution and indemnity that Texas Brine seeks is for future liabilities that are still being litigated, there is no reason to believe that a ruling on the motion for leave is imminent.

Therefore, if Texas Brine will not voluntarily dismiss Durland from this lawsuit <u>with</u> prejudice thereby limiting its indemnity claims to Vulcan and mooting Durland's dispositive motion, see footnote 4 above, the Court must proceed with adjudicating Durland's motion for summary judgment. Texas Brine must then assume the risk of whatever unintended res judicata effects the ruling may have vis à vis Vulcan if the Court issues a Rule 54(b) partial judgment. And if the Court finds that the claims against Durland are particularly weak and specious then the Court will be inclined to issue a final partial judgment. Once Durland's motion for summary judgment is ruled upon, whether it is granted or denied, the Court may reconsider a temporary stay whether in anticipation of the state court's ruling on the motion for leave or in anticipation of the conclusion of the claims against Texas Brine for which it will seek indemnity.

In sum, the request for a stay is denied insofar as Texas Brine seeks to delay a ruling on Durland's pending motion for summary judgment.

Accordingly;

**IT IS ORDERED** that the **Motion to Stay All Proceedings (Rec. Doc. 27)** filed by the plaintiff, Texas Brine Co., LLC is **DENIED** as explained above.

**IT IS FURTHER ORDERED** that Durland's **Motion for Summary Judgment (Rec. Doc. 22)** will be submitted for consideration upon receipt of Durland's reply memorandum, which shall be filed as soon as Durland's counsel is able to do so.

**IT IS FURTHER ORDERED** that counsel for the defendants must deliver to chambers a hardcopy of the 1393 page motion for summary judgment filed on behalf of Durland. The hard copy must be in a binder(s) with tabbed dividers for all exhibits and attachments. The hard copy must be printed from the Court's CM/ECF filing system so

that each page contains the CM/ECF document header, which indicates the case

number, record document number, filing date, and page number.

December 14, 2022

_____

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE